We'll ask the clerk to call the next case. Case number 08-2425, Peoples v. Williams v. Washington May I identify yourselves for the record, please? Grace Palacio for the defendant, William Washington Assistant State's Attorney, Connor Fleming for the people of Salem You may proceed when ready. Excuse me, is there a class here? Visitors, all friends, first oral argument. Oh, I see, okay. I'll give you congratulations in advance. Before you start, how is this case any different than McGovern's? You know, I don't think there is much difference between this case and McGovern's. I would argue that McGovern's was wrongly decided in the sense that, I think, the narrative that was used by the same judge in McGovern's and in the present case is such that you can't identify that the jurors, in fact, understood and accepted the Zaire principles that are articulated in 431B. In fact, I think if you read McGovern's and when the court goes into saying that they would suggest that trial courts go about the business of going through 431B in the manner suggested by Jeff Burkhart, that it's very methodical saying that, you know, we need to go over each individual principle and make sure that we ask the jurors if they both understand and accept these principles. The methodology used in McGovern's and here does not come anywhere near that. What happened in this case, as in McGovern's, is that the trial court went and they did a six-page lengthy narrative in which he named many legal principles, many trial matters, 20 plus, I think, in this case, and the Zaire principles were buried in there, dispersed amongst all these other principles. But aren't all the other things that he mentioned, aren't they significant, too? They are significant, but they weren't specifically identified by the Supreme Court. No, it has to be plain and obvious, and it has to so poison the judicial process. I'm talking about the second prong now. Right. That the defendant is denied the right to a fair trial. If it is not structural error, it's subject to a harmless error analysis, even though it's of constitutional dimension. The cases point that out. Chapman, in the other cases that are cited for that proposition, made clear that just because it's of constitutional dimension does not mean automatically that it's not subject to harmless error. It only becomes impervious to harmless error, presumptively prejudicial, if it's structural. So we have to get to the issue of whether it's structural. I don't want to be picky, but harmless error and plain error are not the same. That is exactly what I was going to say. The burden of persuasion rests with the defendant when an error was not objected to and preserved. But it's not subject to a harmless error analysis, even if it's plain error. Even if it's plain error, it's not subject to a harmless error analysis, only if it's structural. Well, I would point out that Justice Quinn and Magellani specifically rejected the structural error analysis. He went into a plain error analysis, which is what I'm getting to here, is that because in the promulgation of this rule, the Supreme Court recognized that these principles are essential to a fair trial. But it's then subject to harmless error analysis. Harmless error analysis only applies when the error has been objected to. And preserved. And preserved. In this case, we have an unpreserved error, which is why we moved to the second harmless plain error analysis. harmless error is basically a means by which we avoid forfeiture. By virtue of non-assertion of the right. So you go through a plain error analysis to say that in this particular case, there will be no forfeiture. But then after you reach that conclusion, it doesn't assume armor that unforfeited error would have. In other words, if you asked for the relief and you didn't get it, if it's then subject to a harmless error analysis, it's subject to a harmless error analysis under plain error. There may be a question as to who bears the burden of proof. But ultimately, the question is, was this error prejudicial? And if you call it structural, it's presumptively prejudicial. And the question is whether this would be structural or would be subject to analysis to determine whether it was prejudicial. And for that, you would look to the state of the general evidence in the case. For argument's sake, if you were going to do a harmless error analysis, I would then contrast this case with Glasper, in which they found the error was harmless because there was overwhelming evidence. And the overwhelming evidence in that case was that the fact that the defendant had given three confessions, a lifelong friend had identified him as being a part of this offense. Whereas in this case, we only have the testimony of the complainant who admittedly had a number of drinks prior to the offense, who testified while in DOC uniform because he had been arrested. Except that analytically, that doesn't make a lot of sense either. Because the immediate question raised by the failure to satisfy the giving of the mandates under 431 is whether the jury would have acted differently had they had those instructions with the opportunity to clarify, as opposed to how they would act simply by being given those instructions without an opportunity to clarify the nature of their understanding. And in that sense, the next question would be, I suppose, and this is a softball to you, how would any requirement under the amended Rule 431 ever be harmful error? Because under 431 as amended, the jury is given the mandates, the instructions, about presumption of innocence, right to remain silent, burden of proof. It's given those instructions. So whether they're asked, do you understand it, or language that can cover for that determination, is going to be harmless. In the face of the fact that you're always going to say, well, they have those instructions, so what does being asked, do you understand it, add to it? You know? So that plays your way. Right. I agree with that. But also, you know, by not asking, by not assuring that they did understand, even if you are instructed, how can you know that they understood them, much less accepted them? The baseline is we have no assurances, as you said, that they would even understand. Well, you have assurances from any jury. Will you follow the law when it's given? That's part of the standard voir dire. So, you know, this is a kind of emphasis. 431 emphasizes these particular factors. Now, under the old rule, you had to request that the court give it. But the court always gave those instructions generally. Perhaps because of all the cases that there are being generated along these lines, the lawyers should suggest that the court perhaps amend the rule, because what we're really, I think, looking at is, should the courts be asking individual jurors to commit to these rules of law? Now, the rule as it stands allows for asking individually or in group. So that really leaves a lot of room out there. And if you look at the McCovens case, you know, they explain that they think there was substantial compliance here. And if I'm just saying that this particular rule, although the Zier case was decided in the 80s, there are many, many judges that are following the case and getting commitments from jurors individually that they will follow the presumption of innocence, that they understand that the defendant doesn't have to present any evidence, that if he chooses not to testify, that that cannot be used against him, and that the burden of proof rests on the state. I mean, if there is this clamor, perhaps the lawyers should suggest that now the rule be amended further so that individual judges will get an individual commitment from every juror that they will accept the individual questions and a response, a verbal response on the record. But that's not how the rule is written. And at the end of the day is, is this a structural, or rather I'm not going to use that word, is this a plain and obvious error that prohibited or caused Mr. Washington not to have a fair trial in this case, either because that evidence was so closely balanced that this procedure Judge Schreier used infected the judicial process so that he didn't get a fair trial, or under the second prong that this is such a plain and obvious error of the kind that regardless of the closeness of the evidence, there is a presumption that his trial was so infected that he did not get a fair trial. So I throw that out to the lawyers in this case. There are so many decisions now about this rule, and perhaps the rule needs to be changed so that if this is what the lawyers really want, an individual commitment, then they can get it by amending the rule. I certainly think that would be helpful. I think the rule is relatively clear on its face, and the committee notes even provides further elucidation by saying, you know, this, they're trying to end the practice where the judge makes a broad statement exactly like the one here, followed by a general question about whether or not the jury could follow that broad statement. And here we have a quintessential example. What it does is don't we have a problem with the rule then because it allows for the court to do this individually or in a group. Isn't there kind of a basic problem with that? How are you going to get what you're looking for if the rule allows the court to throw out the principles to 40 people? And to say to them, you know, anybody want to raise your hand? Of course they don't want to raise their hand. So, I mean, maybe the problem is with this rule that allows for individually or in a group. Perhaps the problem is within the rule, but I think the rule also indicates it's absolutely essential that these principles be given. And if not, if you don't give it, it's indispensable to a fair trial, as Glasper suggests, to not give these principles and not make sure that the jurors both understand and accept this is the duty of the trial court. And that duty was failed in this case. And we're arguing that because it's essential, then it falls under the second prong of the plain error test. I hate to rain on this parade, but I don't think that simply determining whether the jury is clear on these instructions and presuming that they're not is the pivotal analytical point. The point is still, is the error structural? And for structural error, you have to ultimately come in your analysis to the fact that if it is structural, it's because there's a biased jury. And a biased jury is a so fundamental a right, it's the same as having a right to a jury or as opposed to a bench trial. And the question is, do you have a biased jury when you don't have the follow-up question asked of the jury, namely, you've been given these instructions, do you understand them? I think because the rule itself says it's essential and that it's required and the judge must give them, that the presumption is because it's essential and it wasn't done, then you presume that you had a biased jury. And if that's the case, then surely the defendant in this case was denied his right to a fair and impartial jury, and then this was therefore a plain error. Where's a case that says that we could presume that? I think, not that there's a case per se, I think it's read in the actual rule by requiring it, by saying that every jury gets this. And I think it's notable that when Rule 431B was first brought up back in 1997, it wasn't required at that point, it was just something that the defense had to request. And over the decade between 1997 and 2007 when it was amended, I think the Supreme Court came to the conclusion that, you know what, just requesting it is not assuring a fair and impartial jury. We're going to require it at this point because it's essential, and if we don't do this, then we presume that we had. Where's there a case that shows that we could presume a jury did anything? In all of America. I would then relate to, you know, I would look to the courts that have found that this is plain error, Anderson 2, Yusuf, Bloomington, Graham. There's certainly differing opinions and two lines of thought on whether or not this is plain error or not plain error, and I would side with those who say this is plain error because it is essential to a fair trial. There is very little analysis, frankly, in Graham, and there's not much more in Bloomington. There's a lot of analysis in the gentleman. Mm-hmm. Right or wrong. Right. It's intensively analyzed. Okay. But Megilly also recognizes that there's also a strong argument on the other side. Justice Quinn specifically says that. And I would say because the rule itself, like I said, requires that the court do this in every case of every juror, that this is essential to a fair trial and failure to do so is plain error under the second clause. The courts make the distinction, even when you're dealing with constitutional error, whether it's trial error or structural error. And, frankly, I want the state to explain how this is not a matter impacting on the bias of the jury, which would automatically make it structural as opposed to trial. I need that nexus in the argument. Well, that's pretty much, I think, we've covered plain error. And three minutes for rebuttal. Thank you. May it please the Court. I'm Assistant State's Attorney Connor Fleming on behalf of the people. Your Honor, the defendant's argument assumes that there was error in this case. However, this case can be decided and disposed upon by the simple fact that there simply was not any error whatsoever in this case. There was no error in this case because the trial court fully complied with Rule 431B, where it explained in each of the Zare principles. Also, there are innumerable cases, I think, including among them Wilmington and Graham, where the judge in the follow-through fell short. He gave the initial 431 mandates, but in the follow-through only picked up in one case on 3 and in another case on 2. And that was held to be error. I don't know that there's much question about that, because I think that's fairly, as far as I'm concerned, appears to be strongly asked. Your Honor, you're very correct in noting Graham and Wilmington. However, those cases are distinguishable upon the facts, and in those cases there was error because they are different on the facts. In Graham, the Court did not mention at all that there was a presumption of innocence afforded to a defendant, and that was one of the bases for finding error. But they did mention two others. I think once you get into this cross-comparing the gravity of each of those four elements, you may quickly come to never-never land in trying to straighten this thing out, particularly in the light of Justice McBride's comments earlier. Your Honor, respectfully, in this case, the trial court went far beyond what the trial courts did in other cases where there was unfair. But now you're dealing with substantial compliance versus no compliance. And I think that the concerns as to whether harmless error would apply reaches far beyond that, and I think that's where we need some help. Certainly, Your Honor. Even if this Court finds that there was merely substantial compliance and therefore there was some level of error in this case, it's not reversible error in the present case. It does not rise to the level of plain error. The issue in this case was forfeited, as Your Honors have noted, that the defendant failed to raise this issue in his post-trial motion and failed to raise this issue at trial. Therefore, this Court must analyze any alleged error under plain error analysis. First, in this case, the evidence on the first prong of plain error analysis was not supposed to count. Is this a pre-amendment or a post-amendment case? This is a post-amendment case, Your Honor. But there was no objection? Correct. First, under the first prong of plain error analysis, the evidence in this case was not closely balanced contrary to what opposing counsel stated. Isn't there a general relaxation of the waiver rule when the error itself is coming from the court as opposed to, you know, the court's obligation to follow the rule? You know, it's not really up to the lawyers. So is there a general relaxation of waiver under those circumstances? Do we need to even get to plain error? Can we get to whether, you know, we can consider this error just because it's one that the court committed? Your Honor, this case must be considered under plain error. There is a general relaxation of the error rule in this case. However, significant cases have decided this very issue under plain error where there was not a preserved error on appeal. For example, in People v. Glasper, as discussed earlier, the Illinois Supreme Court stated that failure to follow Rule 431B in its strict sense does not per se violate a defendant's rights to a fair trial. It does not per se prejudice a jury against a defendant. Significantly, the Third District found in People v. Alexander that although Glasper dealt with the pre-1997 Amendment rule, its rationale that failure to strictly follow Rule 431B does not prejudice a defendant does advise a defendant. Obviously, there's a divergence, a conflict within jurisdictions as well as inter-jurisdictional on that issue, which hopefully the Supreme Court will now help resolve. But the question is, why should we at this point choose the one over the other? Your Honor, this very court, this very division found in People v. Hammonds of February 2010 case, that Glasper's analysis that failure to strictly follow Rule 431B does not per se compromise a defendant's rights does apply to post-Glasper cases. Therefore, even if there is some divergence, which I would cite Anderson 2 and Yusuf being the only two cases that stand for the fact that Rule 431B must be read verbatim, if there is some divergence, this court should follow its own precedent and its own reading and find that failure to strictly follow Rule 431B does not violate a defendant's rights. However, Your Honors, in this case, that issue does not necessarily even have any bearing on the facts of this case. As I've stated, the import of this case is that there was in fact no error at all because the trial court strictly complied with Rule 431B. In this case, the record indicates on page F7 that the trial court read that under our law, the defendant is presumed innocent of the charge against him. On that same page, the court stated that the State must prove the defendant's guilt beyond a reasonable doubt to overcome the defendant's presumption. He gave them that admonition, but there was no follow-up to that one. There was. And there is clearly a requirement that the mere giving of the admonition is not sufficient without the follow-up. The follow-up came later when Judge Schreier said, he referred to the, I think, presumption of innocence and burden of proof. But then he said, now, referring back to all these things I said, all these principles, are there any of you out there that have any, I can't remember how he said it. That's what you're referring to. Yes. That's his catch-all. But don't the committee comments suggest that that's not the way they want the rule to be implicated? Your Honor, the committee comments do suggest that. However, the case law suggests that a trial judge is given wide latitude in framing how to explain and ensure that the jurors understand and accept these admonitions. In the record on page F12, Judge Schreier explained the four Zaire principles. And contrary to opposing counsel's argument, these principles were explained in a two-page frame. The principles were all explained on page F7 and F10. But I guess to not only explain them, he's got to get an agreement from them, either individually or in a group, that they understand and accept the principles. Right. And Judge Schreier did precisely that in this case. The whole argument here is that he didn't do that. Respectfully, Your Honor, he did not. He referred specifically to two and not to three and four. On page F12, the judge says, Is there anyone who has any issue following any of the principles? Any or all. You're right. He said any or all. And another division of this court has just recently concluded that the way he conducted it was substantial. There is a little difference between the actual scenario there and here because I don't think he did the presumption of innocence and burden of proof together when he asked them, Do any of you out there have any quarrel or disagreement with any or all of the things I was talking about? Correct. That's the only difference. Well, Your Honor, as the case law indicates that, even Zaire itself states that a trial judge does not need to explain these principles in any precise form. And there are no magic words and there's no catechism necessary to ensure understanding and acceptance of these principles. Let me ask you a question. Sure. If a rule says that a judge is supposed to do something a certain way and he doesn't, and this court keeps finding all of these exceptions and says that, well, it was substantial, it was close to it, what kind of message are we giving to the judges that they can do what they please to do? Is that the message we're giving them? No, Your Honor. This case can be decided definitively, and respectfully, it is being decided definitively by the Supreme Court in Thompson. However, this court can follow its own precedent. That is inaccurate. Correct, correct. However, this court can find its own precedent, which was McGovern's, which involved the same trial judge, almost verbatim, the same admonitions and the same catch-all question, asking the jurors if they had any objection to following any of the principles, which encompassed, by its very nature, all of the principles, and found in that case that it was more than substantial compliance, but that was a case of no error. And like in McGovern's, this is a case of no error under the same exact facts. Or your backup is no plain error. It would show that he was prejudiced in the selection of the jury. Correct, Your Honor. Thus, this court should follow its own rulings and decide that this case can be decided and there was no error in this case, or alternatively, as Your Honor suggests, if this was merely substantial compliance, the substantial compliance was sufficient and did not jeopardize the defendant's rights. If there are no further questions, and for these reasons and the reasons stated in our brief, the people respectfully ask this court to affirm defendant's convictions. Thank you. Absolutely. Just very quickly, I would just reiterate that this long narrative with the many, many legal principles and trial matters was just so long that you cannot say that the jurors showed that they understood and accepted the principles as is required by the rule. And also because the rule itself makes it essential for a fair trial that these principles be told to the jury and they express understanding and acceptance that the failure to do so here was a denial of a right to a fair trial and therefore plain error under the second prompt. Thank you. This case was well argued. You couldn't tell whether it was somebody's first shot or whether he's been here before. It was well done by both sides. Thank you, counsel. We take it under advice.